Robert Michael ARTEAGA,
Jr., Appellant

v.

The STATE of Texas

NO. PD-1648-15

Court of Criminal Appeals of Texas.

Delivered: June 7, 2017

ATTORNEYS FOR APPELLANT: Kenneth G. Mahaffey, PO Box 684585, Austin, TX 78768-4585.

ATTORNEYS FOR THE STATE: Gary W. Bunyard, Assistant District Attorney, P. O. Box 725, Llano, TX 78643, Stacey Soule, Austin, TX.

## OPINION

Hervey, J., delivered the opinion of the Court in which Keller, P.J., Alcala, Richardson, Yeary, Newell, Keel, Walker, JJ., joined.

This case presents a question of jury-charge error. The offense of sexual assault is a first-degree felony if the State proves that the victim was a person whom the defendant was "prohibited from marrying or purporting to marry or with whom the [defendant] was prohibited from living under the appearance of being married under Section 25.01 [Bigamy]." The State alleged that Appellant, Robert Michael Arteaga, Jr., committed first-degree felony sexual assault of a child because he was "prohibited from marrying" the victim, his biological daughter.[1] Without objection, the trial court included in the abstract portion of the jury charge the consanguinity statute from the Family Code, which explains when certain marriages are void due to the familial relationship between the parties. Arteaga was convicted, and on appeal he argued in part that the trial court erred to include the consanguinity statute because, pursuant to Section 22.011(f) of the Penal Code, the State could prove that he was "prohibited from marrying" his daughter only if he engaged in bigamous conduct. He also contended that he was egregiously harmed by the charge error because the jury's only guidance concerning the "prohibited from marrying" allegation was the consanguinity statute. The court of appeals affirmed the judgment of the trial court. Arteaga now argues that the court of appeals erred and that we should reverse its judgment and remand this cause for a new trial. We granted Arteaga's petition for discretionary review to examine his contentions.

## BACKGROUND

### Trial & Appeal

Arteaga was charged in two indictments with twenty-eight counts of sexual assault

---

1. In various counts, the sexual-assault indictment alleged that Arteaga intentionally or knowingly caused the penetration of the victim's vagina, anus, and mouth. For example, one count states that,

 the Defendant, on or about the 25th day of September, 2011 and before the presentment of this indictment, in the County of Burnet, and the State of Texas, did then and there intentionally or knowingly cause the penetration of the sexual organ of HSB Doe, a child who was then and there younger than 17 years of age, and a person whom the defendant was prohibited from marrying....

of a child and seventeen counts of possession of child pornography.[2] The charges stemmed from his multi-year long sexual assaults against his young daughter[3] (Doe) and for possessing lewd photographs of her engaging in sexual acts. There was a consolidated trial, and at that trial, Doe testified that Arteaga began molesting her when she was just four years old and that he told her that what they did was "something special that they shared" and "not to tell anyone." A few years later, Arteaga told Doe, who was between twelve and thirteen years old at the time, that he wanted to have a baby with her and that, if she became pregnant, they would get married. During the period of molestation, Arteaga was not married. The investigation and subsequent charges came about after Doe made an outcry to a high school counselor.

In the abstract portion of the jury charge, the trial court included Section 6.201 of the Family Code, which defines when a marriage is void based on consanguinity.[4] TEX. FAM. CODE § 6.201. There was, however, no mention of the consanguinity statute in the application portion of the charge, and the jury was instructed that it could convict Arteaga only under the circumstances alleged in the indictment (i.e., that Arteaga was "prohibited from marrying" his daughter).[5] The prohibited-from-marrying allegation was submitted to the jury as a special issue to be considered only if it found Arteaga guilty of one or more of the submitted sexual-assault counts.[6] The jury convicted Arteaga of twenty-one counts of sexual assault of a child,[7] and it answered the special issue in the affirmative. For each count of sexual assault of a child, Arteaga was assessed a life sentence, which the trial court stacked, and was fined $10,000.[8]

Arteaga appealed the convictions, arguing that based on the wording of the sexual-assault statute (Section 22.011(f)), which references the bigamy statute, the State could prove that he was "prohibited from marrying his daughter" under only the bigamy statute. *Arteaga v. State*, 511 S.W.3d 675, 679 (Tex. App.—Corpus Christi 2016). He also asserted that, because the jury charge did not require the State to prove that he was "prohibited

---

**2.** Because this case concerns only Arteaga's sexual-assault convictions, we primarily address only those.

**3.** The court of appeals referred to the underage victim as "HSB Doe." HSB stands for Horseshoe Bay, which is where some of the abuse occurred. We will refer to her as "Doe."

**4.** That provision states that,

> A marriage is void if one party to the marriage is related to the other as:
> (1) an ancestor or descendant, by blood or adoption;
> (2) a brother or sister, of the whole or half blood or by adoption;
> (3) a parent's brother or sister, of the whole or half blood or by adoption; or
> (4) a son or daughter of a brother or sister, of the whole or half blood or by adoption.

TEX. FAM. CODE § 6.201.

**5.** In the sexual-assault indictment, it was alleged that the victim was "a person whom [Arteaga] was prohibited from marrying ...," and in each application paragraph, the jury was instructed that it could find Arteaga guilty only if the victim was "a person whom [Arteaga] was prohibited from marrying...."

**6.** The special issue asked, "Do you find from the evidence beyond a reasonable doubt that [Arteaga] ... was prohibited from marrying HSB DOE?" The jury answered, "We do."

**7.** The State abandoned seven of its sexual-assault allegations.

**8.** Arteaga was also convicted of seventeen counts of possession of child pornography. He was sentenced to 10 years' confinement for each count, all of which were cumulated, and he was fined $10,000.

from marrying his daughter" under the bigamy statute, he was egregiously harmed. *Id.* The court of appeals disagreed, holding that the language of Section 22.011(f) is ambiguous and that Arteaga's interpretation would lead to absurd results. *Id.* at 687. It also concluded that including the consanguinity statute in the jury charge was not error, and even if it was, Arteaga was not egregiously harmed. *Id.* at 687–88.

## JURY CHARGES

 The first step in analyzing a claim of jury charge error is to determine whether the submitted charge was erroneous. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If it was, then we must determine whether the defendant was harmed by that error. *Id.*

### The Jury Charge in This Case

In each count of the sexual-assault indictment, it was alleged that the victim was a child who was under seventeen years of age and was a person "whom [Arteaga] was prohibited from marrying...." Section 22.011(f) of the sexual-assault statute states that,

(f) An offense under this section is a felony of the second degree, except that an offense under this section is a felony of the first degree **if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01.**

Tex. Penal Code § 22.011(f) (emphasis added). Section 25.01, which governs the offense of bigamy, states that,

(a) An individual commits an offense if:

(1) he is legally married and he:

(A) purports to marry or does marry a person other than his spouse in this state, or any other state or foreign country, under circumstances that would, but for the actor's prior marriage, constitute a marriage; or

(B) lives with a person other than his spouse in this state under the appearance of being married; or

(2) he knows that a married person other than his spouse is married and he:

(A) purports to marry or does marry that person in this state, or any other state or foreign country, under circumstances that would, but for the person's prior marriage, constitute a marriage; or

(B) lives with that person in this state under the appearance of being married.

(b) For purposes of this section, "under the appearance of being married" means holding out that the parties are married with cohabitation and an intent to be married by either party.

\* \* \*

(e) An offense under this section is a felony of the third degree, except that if at the time of the commission of the offense, the person whom the actor marries or purports to marry or with whom the actor lives under the appearance of being married is:

(1) 17 years of age, the offense is a felony of the second degree; or

(2) 16 years of age or younger, the offense is a felony of the first degree.

*Id.* § 25.01.

To guide the jury's resolution of the prohibited-from-marrying allegation, the trial court included the consanguinity statute in the abstract portion of the charge:

A marriage is void if one party to the marriage is related to the other as:

(1) an ancestor or descendant, by blood or adoption;

(2) a brother or sister, of the whole or half blood or by adoption;

(3) a parent's brother or sister, of the whole or half blood or by adoption; or

(4) a son or daughter of a brother or sister, of the whole or half blood or by adoption.

TEX. FAM. CODE § 6.201.

## Applicable Law

■ It is the trial court's responsibility to deliver to the jury "a written charge distinctly setting forth the law applicable to the case...." TEX. CODE CRIM. PROC. art. 36.14; *Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013). As "law applicable to the case," the definitions of words or phrases defined by statute must be included in the jury charge. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009) (the jury must be instructed regarding statutory definitions affecting the meaning of an element of the offense). If a word or phrase is not defined, the trial court may nonetheless define them in the charge if they have an established legal or technical meaning. *Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000); *see* TEX. GOV'T CODE § 311.011(b) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

## Section 22.011(f)

To determine if it was error to include the consanguinity statute in the jury charge, we must first construe Section 22.011(f) of the Texas Penal Code.

### 1. Law of Statutory Construction

■ We construe a statute according to its plain meaning unless such a con-

struction would lead to absurd results that the legislature could not possibly have intended or the language is found to be ambiguous. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To determine plain meaning, we examine the wording and structure of the statute, construing the words and phrases according to the rules of grammar and usage, unless they are defined by statute or have acquired a particular meaning. *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). We also presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997)

■ If the language of the statute is plain but effectuating that language would lead to absurd results or is ambiguous, we may consult extra-textual sources to ascertain the collective intent of the legislature. *Boykin*, 818 S.W.2d at 785; *see* TEX. GOV'T CODE Chp. 311 (Code Construction Act). A statute is ambiguous when it is reasonably susceptible to more than one interpretation. *Baird v. State*, 398 S.W.3d 220, 229 (Tex. Crim. App. 2013). Extra-textual factors that we can consider include (1) the object sought to be attained by the legislature; (2) the circumstances under which the statute was enacted; (3) the legislative history; (4) the common law or former statutory provisions, including laws on the same or similar subjects; (5) the consequences of a particular construction; (6) the administrative construction of the statute; and (7) the title or caption, preamble, and any emergency provision. TEX. GOV'T CODE § 311.023. Statutory construction is a question of law that we review de novo. *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009).

## 2. Construction of 22.011(f)

The issue here is what does the State have to prove when it invokes Section 22.011(f) of the sexual-assault statute, which incorporates the bigamy statute, to elevate sexual assault from a second-degree felony to a first-degree felony?

■ The State argues that Section 22.011(f) requires proof under the bigamy statute only when the victim is a person who the defendant is prohibited from living with under the appearance of being married. The court of appeals reached a "middle ground," deciding that the State is required to prove facts that would constitute bigamy under Section 25.01 when the victim is a person that (1) the defendant was prohibited from claiming to marry *or* (2) when the victim was someone who the defendant was prohibited from living under the appearance of being married. We, however, conclude that the State is required to prove facts constituting bigamy under all three provisions of 22.011(f), that is, when the defendant was prohibited from (1) marrying the victim or (2) claiming to marry the victim, and when the defendant was prohibited from (3) living with the victim under the appearance of being married.[9]

Based on the structure and wording of Section 22.011(f), it can be reduced to two sections.[10] The first is "prohibited from marrying or purporting to marry." The second is "prohibited from living under the appearance of being married...." Tex. Penal Code § 22.011(f). The key to the analysis is the phrase "prohibited from" and how it is used in the statute.

In the first section, "prohibited from" modifies both "marrying" and "purporting to marry." From a grammatical standpoint, the first section is treated as a single and indivisible unit. Based on this, either both prohibitions from the first section—"marrying" and "purporting to marry"—are modified by the phrase "under Section 25.01" and require the State to prove facts that would constitute bigamy or neither requires such proof. *Id.* In the second section, the phrase "prohibited from" modifies only "living under the appearance of being married." *Id.* Thus, it is possible that the phrase "under Section 25.01" modifies only the second section of 22.011(f), and the State is required to prove facts that would constitute bigamy only when it alleges that the defendant was prohibited from living with the victim under the appearance of being married. In light of this analysis, there are two reasonable constructions of 22.011(f): (1) the State must prove facts that would constitute bigamy only when the allegation is that the defendant was prohibited from living with the victim under the appearance of being married, or (2) the State must prove facts that would constitute bigamy as to all three allegations (i.e., under both the first and second sections of 22.011(f)). Because Section 22.011(f) is sus-

---

9. When we discuss "facts that *would* constitute bigamy," we do not mean that the State has to prove that the defendant committed the offenses of sexual assault and bigamy. What we mean is that, to elevate second-degree felony sexual assault to first-degree felony sexual assault under Section 22.011(f), the State must prove that the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he *would* be guilty of bigamy.

10. "An offense under this section is a felony of the second degree, except that an offense under this section is a felony of the first degree if the victim was a person whom the actor was <u>prohibited from marrying or purporting to marry</u> or with whom the actor was <u>prohibited from living under the appearance of being married</u> under Section 25.01." Tex. Penal Code § 22.011(f) (emphasis added).

ceptible to two different, but reasonable, interpretations, we conclude that it is grammatically ambiguous.

■■■■ To resolve this grammatical ambiguity, it is necessary to examine the bigamy statute, which should be read together with Section 22.011(f). The court of appeals decided that, because the phrases "purports to marry" and "living under the appearance of being married" are in both statutes, they both require proof of facts that would constitute bigamy. However, according to the lower court, because the phrase "prohibited from marrying" does not appear in the bigamy statute, the State need not prove that Arteaga was prohibited from marrying his daughter as provided for by Section 25.01. Instead, the court of appeals concluded that the legislature intentionally omitted the phrase "prohibited from marrying" from the bigamy statute because it intended the phrase to be construed according to its common usage.[11]

We agree that "purports to marry" and "living under the appearance of being married" in Section 22.011(f) refer to the bigamy statute; however, we disagree with the court's conclusion that "prohibited from marrying" does not refer to the bigamy statute simply because that exact phrase does not appear in the text of the statute. The corollary to "prohibited from marrying" in the sexual-assault statute is the phrase "does marry" in the bigamy statute.[12]

The statute identifies two situations when a marriage is prohibited: (1) if a person "does marry" a person other than his spouse or (2) if a person "does marry" someone who he knows is already married. TEX. PENAL CODE § 25.01(a)(1)(A), (a)(2)(A). It also identifies two situations when a person is prohibited from claiming to marry another: A person is prohibited (1) from claiming to marry a person other than his spouse and (2) from claiming to marry a person who he knows is already married. *Id.* Lastly, the bigamy statute specifies that a person is prohibited: (1) from living under the appearance of being married with a person other than his spouse and (2) from living with a person under the appearance of being married who he knows is already married. *Id.* § 25.01(a)(1)(B), (a)(2)(B). Based on this, we conclude that the legislature drafted 22.011(f) using the modifying phrase "prohibited from" to incorporate all six bigamy prohibitions. By using this broad language in 22.011(f), the legislature could include all of the situations addressed by the bigamy statute without awkwardly including the entire statute in Section 22.011(f).

When the two statutes are considered in light of each other, the grammatical ambiguity in Section 22.011(f) is clarified: The legislature intended for the State to prove facts constituting bigamy whenever it alleges that the defendant committed sexual assault, *and* the State invokes Section 22.011(f). This interpretation gives effect to each word, phrase, and clause used by the

---

11. A jury need not check its common sense at the door. However, a jury's common sense takes a back seat when the court instructs it that a statutory term has a specific legal meaning or has acquired technical or particular meaning. *Kirsch v. State*, 357 S.W.3d 645, 652 (Tex. Crim. App. 2012).

12. As we explain later and in more detail, the bigamy statute identifies six ways to commit bigamy. Two are when a defendant "does marry" a person who he is prohibited from marrying. *Compare* TEX. PENAL CODE § 22.011(f) ("prohibited from marrying"), *with id.* § 25.01 (a)(1)(A), (a)(2)(A) (prohibiting a person from marrying another under certain circumstances). Thus, the provisions work in tandem and are complimentary to each other despite that they are written in two different tenses.

legislature and comports with the rules of grammar.

### 3. Absurd Results

The court of appeals considered the conclusion we reach today but rejected it because it believed that such an interpretation would lead to absurd results based on the legislative history of the bill creating 22.011(f). The court of appeals said that, "[a]fter reviewing the relevant bills related to section 22.011(f), it would be absurd to think the Legislature only wanted to raise the punishment level of sexual assault of a child offenses solely in bigamous situations." *Arteaga*, 511 S.W.3d at 689. We disagree.

Section 22.011(f) was created as part of a senate bill that was broadly aimed at providing more protection to children and the elderly. Tex. S.B. 6, 79th Leg., R.S. (2005). However, the substance of the amendment regarding bigamy actually came from a house bill authored by Representative Hilderbran. Tex. H.B. 3006, 79th Leg., R.S. (2005). He testified that his bill was directed at bigamy, polygamy, and the problems associated with those practices. Hearing on Tex. H.B. 3006 Before the House Commission on Juvenile Justice & Family Issues, 79th Leg., R.S. (Apr. 3, 2005) (statement of Representative Hilderbran). He also specifically identified "The Fundamentalist Church of Jesus Christ of Latter Day Saints" (FCLDS) and said that he proposed the legislation after it was brought to his attention that the FCLDS was moving its operations to Texas because the state had weak laws prohibiting bigamy and polygamy. *Id.* And, although Representative Hilderbran's house bill failed to pass, he offered the substance of his bill as an amendment to Senate Bill 6, which did pass. In light of this, we find the legislative history of the house bill persuasive. We also note that our interpretation of 22.011(f) is in line with the intent of Senate Bill 6 because protecting children from the blight of bigamy and polygamy fits well within the goal of "strengthen[ing] the state's ability to protect society's most vulnerable citizens: abused children, the elderly and the frail." Senate Comm. on Health and Human Services, Bill Analysis, Tex. S.B. 6, 79th Leg., R.S. (2005).

### 4. Other Child Abuse Offenses

As a final matter, we note that children who are sexually abused by family members are not without protection. If the abuse took place over a period of time, as was the case here, a defendant could be charged with first-degree continuous sexual abuse of a child. *See* Tex. Penal Code § 21.02(b). Similarly, if the child is under fourteen years of age, as the victim in this case was during the majority of the abuse, a defendant can be charged with first-degree aggravated sexual assault. *Id.* § 22.021(a)(2)(B). Moreover, if the child is younger than six years old at the time of the commission of the offense, which this victim was during a period of the abuse, then the defendant not only can be charged with first-degree aggravated sexual assault, he is also subject to a minimum term of 25 years' confinement. *Id.* § 22.021(f). In addition to all of these possibilities, there is also a statute dealing specifically with prohibited sexual conduct between family members. *Id.* § 25.02. Although that offense is not currently a first-degree felony, as are the others we have discussed, it is within the province of the legislature to reclassify crimes. *See Ex parte White*, 506 S.W.3d 39, 46 (Tex. Crim. App. 2016). Thus, for example, the legislature could reclassify the severity of the "prohibited sexual conduct" offense based on the age of the victim. *See e.g.*, Tex. Penal Code § 25.01 (making bigamy a second-degree felony if the victim was seventeen years old and a first-degree felony if

the victim was sixteen years old or younger).

## Jury Charge Error

■ The "abstract paragraphs [of a jury charge] serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). An abstract statement of the law that goes beyond the indictment allegations usually will not present reversible error unless "the instruction is an incorrect or misleading statement of a law which the jury must understand in order to implement the commands of the application paragraph." *Plata v. State*, 926 S.W.2d 300, 302–03 (Tex. Crim. App. 1996). In contrast, "failure to give an abstract instruction is reversible only when such an instruction is necessary to a correct or complete understanding of concepts or terms in the application part of the charge." *Id.* at 302.

■ Here, the special issue submitted as part of the sexual-assault charge asked the jury whether it found beyond a reasonable doubt that Arteaga "was prohibited from marrying [Doe]." As we have explained, however, the bigamy statute defines when a person is prohibited from marrying another for purposes of 22.011(f), not the Family Code. Thus, the bigamy statute is "law applicable to the case" and should have been included in the charge because the jury had to understand what "prohibited from marrying" meant before it could determine whether Arteaga was guilty of the allegations. Tex. Code Crim. Proc. art. 36.14 (the trial court must set forth the law applicable to the case in the jury charge); *Plata*, 926 S.W.2d at 302. In contrast, the law of consanguinity in the Family Code was not law applicable to the

case and should not have been included in the charge. *Plata*, 926 S.W.3d at 302–03.

We conclude that the sexual-assault jury charge in this case was erroneous because it did not properly instruct the jury regarding the "law applicable to the case." The next question is whether Arteaga was egregiously harmed by the erroneous sexual-assault jury charge. We conclude that he was.

## EGREGIOUS HARM

### Applicable Law

■ Because Arteaga did not object to the sexual-assault charge in this case, he can prevail only if he was egregiously harmed by the erroneous charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the closing arguments of the parties, and any other relevant information in the record. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

### Analysis

■ According to the court of appeals, the entirety of the jury charge weighs in favor of finding any error harmless because the consanguinity statute appeared in only the abstract portion of the lengthy charge and the application section limited the jury's deliberations to the accusations as set out in the indictment. *Arteaga*, 511 S.W.3d at 684. It also decided that, even if it was error to include the consanguinity statute in the charge, it was not error to exclude the bigamy statute from the

charge because "prohibited from marrying" should "have been determined according to the 'rules of grammar and common usage.' " *Id.* at 685. We disagree.

█ It is reversible error when an abstract instruction is given that is an incorrect or misleading statement of the law that the jury must understand to implement the application paragraphs. *Plata*, 926 S.W.2d at 301–02. Here, the jury had to understand what "prohibited from marrying" meant, but its only direction was the consanguinity statute, which was not "law applicable to the case." TEX. CODE CRIM. PROC. art. 36.14 ("[T]he judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case."). In other words, the jury could not have found that Arteaga was guilty of each element of the offense as alleged because the definition of "prohibited from marrying" was not included in the jury charge. And, while it is true as the court of appeals stated that the sexual-assault jury charge was lengthy, and the application paragraphs of the charge did not refer to "void" marriages, every count in the 16-page charge asked whether Arteaga was "prohibited from marrying" the victim, which in turn relied on the consanguinity statute. We conclude that the entirety of the jury charge weighs in favor of finding egregious harm.

The state of the evidence and the parties' arguments also weigh in favor of finding egregious harm. Per Section 22.011(f),

the State had to prove that Arteaga was prohibited from marrying his daughter under the bigamy statute. However, the evidence conclusively establishes the contrary: Arteaga was not married during the period of abuse, and Doe could not have been married as a matter of law. Thus, the State was unable to prove the "prohibited from marrying" element of the offense as alleged in this case. Moreover, in closing arguments, the State relied on the consanguinity statute to convince the jury that Arteaga was "prohibited from marrying" his daughter.[13] In doing so, the State conveyed to the jury that "prohibited from marrying" is defined by the consanguinity statute and that, under that statute, Arteaga was prohibited from marrying his daughter.

Finally, when considering any other relevant information in the record, the court of appeals concluded that Arteaga's failure to raise the issue of bigamy and void marriages weighs against a finding of egregious harm. While the failure of Arteaga to raise those issues should weigh against him, it was the State's responsibility to prove that Arteaga was "prohibited from marrying the victim . . . under Section 25.01." *Arteaga*, 511 S.W.3d at 698 (Perkes, J., dissenting). And, because the consanguinity statute was included and the bigamy statute excluded from the jury charge, the jury was allowed to find Arteaga guilty of first-degree felony sexual assault of a child even though the State had

---

13. The relevant excerpt states that,
We, of course, know that she's not the defendant's spouse and we also know that you can't marry your daughter. We don't even need to—we all know that. You can't marry your daughter and the Court sets it out here that a marriage is void if it's to an ancestor or descendent by blood or adoption and then there's another categories. You can't marry your sister. You can't marry your brother, et cetera.

\* \* \*

And then as the judge pointed out on the last paragraph, the special issue, do you find whether the defendant was prohibited from marrying HSB Doe, which we know is HSB Doe, and clearly the answer to that is we do, and so you would just write we do and your presiding juror can be—can sign that form.

not proven an element of the offense (and could not have done so based on the evidence). We conclude that Arteaga suffered egregious harm because the erroneous charge affected the very basis of the sexual-assault case against him and deprived him of a valuable right: the right of a defendant to be convicted only upon proof beyond a reasonable doubt of every element of the offense. *Sanchez*, 209 S.W.3d at 125 ("On the facts of this case it is no exaggeration to say that the appellant was deprived of his valuable right to have a jury determination of every element of the alleged offense....").

## PROPER REMEDY

■ The State, however, argues that even if the jury charge is erroneous, the judgment of the trial court should be reformed to reflect that Arteaga was convicted of second-degree felony sexual assault, and he should be resentenced. *Bowen v. State*, 374 S.W.3d 427, 429 (Tex. Crim. App. 2012). According to the State, the erroneous charge prevented the jury only from finding that Arteaga was prohibited from marrying his daughter. But, the State asserts, in the course of convicting Arteaga of first-degree felony sexual assault, the jury must also have found every element necessary to convict Arteaga of second-degree felony sexual assault. We agree. Although we have never applied our *Bowen* line of cases to our jury-charge error jurisprudence, this situation warrants it.

In *Bowen* and its progeny, we held that a defendant should not receive the unjust windfall of an outright acquittal when there is legally sufficient evidence to prove that he is guilty of a lesser-included offense. This was because doing so—even though the State carried its burden to prove a lesser-included offense—was an usurpation of the jury's role as factfinder. Thus, we have explained that,

[A]fter a court of appeals has found the evidence insufficient to support an appellant's conviction for a greater-inclusive offense, in deciding whether to reform the judgment to reflect a conviction for a lesser-included offense, that court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment. But if the answers to both are yes, the court is authorized—indeed required—to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense.

*Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014).

■ The normative remedy for harmful jury charge error is to reverse the convictions and remand for a new trial. *Almanza*, 686 S.W.2d at 171. However, if the harm suffered by the defendant due to charge error can be remedied by a different, less drastic remedy, similar to our reasoning in *Bowen* regarding acquittals, then a defendant should not get the windfall of a new trial at the expense of usurping the role of the factfinder. *Thornton*, 425 S.W.3d at 298 ("[I]t is the reasoning, rather than the facts, of *Bowen* that should decide its applicability in future cases.").

Here, in finding Arteaga guilty of first-degree felony sexual assault, the jury must

have necessarily found that he also committed second-degree sexual assault, and the record shows that, if Arteaga had originally been convicted of the lesser-included offenses, there is sufficient evidence to support those convictions. As a result, the proper remedy here is to reform Arteaga's first-degree felony sexual-assault convictions to reflect that he was convicted of second-degree felony sexual assault and to resentence him according to the reformed judgment.

## CONCLUSION

We reverse the judgment of the Corpus Christi Court of Appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Yeary, J., filed a concurring opinion.

Keasler, J., did not participate.

Yeary, J., filed a concurring opinion.

I agree with the Court's ultimate construction of Section 22.011(f) of the Penal Code in all but one critical aspect. Tex. Penal Code § 22.011(f). Regardless of how we might resolve the ambiguity inherent in the lack of clarifying punctuation, I cannot agree that this provision ever requires the State to "prove facts that would constitute bigamy." The Court declares that "[t]he legislature intended for the State to prove facts constituting bigamy ... [.]" Majority Opinion at 13. In my opinion, there is no sense in which Section 22.011(f) can fairly be read to require the State to prove that the actor committed bigamy before the offense may be appropriately categorized as a first degree felony rather than a second degree felony. In a footnote, the Court explains that it means only to recognize a requirement that, in order to invoke Section 22.011(f), the State must prove that, *if* the actor were to actually marry or purport to marry his victim, or to live with

his victim under the appearance of being married, then he would commit the offense of bigamy. Majority Opinion at 10 n.9. But the State need not "prove facts constituting bigamy" in the sense that it must prove the actor *actually* committed bigamy. In light of this explanation, I join the Court's opinion.

## I.

Sexual assault is ordinarily a second degree felony. But the offense becomes a first degree felony under certain, very particular circumstances set out in Section 22.011(f) of the Penal Code:

if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01.

This case draws our attention to an obvious question with respect to how much of Section 22.011(f) is tied to the bigamy statute (Section 25.01 of the Penal Code). The ambiguity arises from the lack of clarifying punctuation in the form of commas.

How much of what comes before the modifier "under Section 25.01" is actually modified by this phrase? We have encountered this kind of statutory ambiguity before, in both *Ludwig v. State*, 931 S.W.2d 239, 241-42 (Tex. Crim. App. 1996), and *Azeez v. State*, 248 S.W.3d 182, 188 (Tex. Crim. App. 2008). Recently, the Texas Supreme Court has encountered a similar ambiguity. *Sullivan v. Abraham*, 488 S.W.3d 294, 297-99 (Tex. 2016). In each of these cases, the lack of a clarifying comma rendered the provision reasonably susceptible to more than one construction.

As it was enacted, the relevant portion of Section 22.011(f) does not contain a single comma. Breaking it down, it is structured as follows:

- Sexual assault is a first degree felony:
 - if the victim was a person:
 - whom the actor was prohibited from marrying or purporting to marry or
 - with whom the actor was prohibited from living under the appearance of being married
 - under Section 25.01 of the Penal Code (the bigamy statute).

Does "under Section 25.01" modify only the immediately antecedent clause in the sentence: "with whom the actor was prohibited from living under the appearance of being married"?

Or does it also modify the clause before that: "whom the actor was prohibited from marrying or purporting to marry"? The court of appeals construed it to modify only the immediately antecedent clause. Reasoning from that construction, the court of appeals concluded that Appellant was subject to conviction for a first degree felony because he had sexually assaulted his daughter, whom he could not validly marry for reasons having nothing to do with the bigamy statute. *Arteaga v. State*, 511 S.W.3d 675, 689-91 (Tex. App.—Corpus Christi 2015).

The court of appeals would undoubtedly be correct had the Legislature punctuated Section 22.011(f) in the following manner:

> if the victim was a person whom the actor was prohibited from marrying or purporting to marry, or with whom the actor was prohibited from living under the appearance of being married under Section 25.01.

In this hypothetical version, the comma between the two antecedent clauses, and the lack of a comma immediately preceding the modifier, indicate that the modifier should apply only to the immediately preceding antecedent clause, not to both. *See*

*Ludwig v. State*, 931 S.W.3d at 242 (quoting 82 C.J.S. Statutes § 334 (1953), at 672) ("Generally, a comma should precede a conjunction connecting two coordinate clauses or phrases in a statute in order to prevent the following qualifying phrases from modifying the clause preceding the conjunction."); *Azeez*, 248 S.W.3d at 188 (quoting *Ludwig*). By that understanding of the statute, the actor need not be prohibited from marrying or purporting to marry his victim exclusively on account of the bigamy statute. He might be subject to an enhanced conviction because he cannot validly marry his victim for some *other* reason—for instance, as in this case, the fact that she is his daughter.

But Section 22.011(f) could have been punctuated in such a manner as to make the court of appeals construction in this case clearly mistaken, thus:

> if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married, under Section 25.01.

Or, for that matter, it could have been punctuated like this (although here it might be argued that the first comma is superfluous):

> if the victim was a person whom the actor was prohibited from marrying or purporting to marry, or with whom the actor was prohibited from living under the appearance of being married, under Section 25.01.

In either event, the comma immediately preceding the modifier makes it clear that it should apply to both antecedent clauses. *See Ludwig*, 931 S.W.2d at 241 (again quoting 82 C.J.S., *supra*, at 672) ("Generally, the presence of a comma separating a modifying clause in a statute from the clause immediately preceding is an indication that the modifying clause was intend-

ed to modify all the preceding clauses and not only the last antecedent one."); *Azeez*, 248 S.W.3d at 188 (quoting *Ludwig*). Had the provision been punctuated in this way, the court of appeals could not reasonably have construed it as it did.

Unfortunately, there are no clarifying commas in Section 22.011(f). Consequently, we are left to divine the meaning of the statute in their absence.

In *Sullivan*, the Texas Supreme Court identified another convention of statutory construction that has an analogical bearing on this case: the "series-qualifier" canon. 488 S.W.3d at 297 (citing Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 147 (2012)). According to this convention, "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." *Id.* This canon is meant to aide in the interpretation of individual phrases or clauses. For example, in the phrase "intoxicating bitters or beverages," the word "intoxicating" would ordinarily be understood to modify both "bitters" and "beverages." Scalia & Garner, *supra*, at 148. Analogizing this concept to apply not to serial words in a clause, but to serial clauses in a sentence, it is reasonable to ask whether there is a "straightforward, parallel" structure to the sentence such that it seems likely the

drafters intended the ultimate modifying clause to apply to all preceding clauses in the series.

Such a parallel structure does seem to exist in Section 22.011(f). Both antecedent clauses refer to particular conduct that is "prohibited"—a word that does not actually appear anywhere in the Section 25.01, the bigamy statute.[1] They are parallel to each other in that sense. Moreover, in describing these discrete prohibitions, each antecedent clause expressly borrows language from specific provisions of Section 25.01(a).[2] The first antecedent clause refers to the prohibition against "marrying or purporting to marry" that is contained in Subsections 25.01(a)(1)(A) and 25.01(a)(2)(A). The second antecedent clause references the prohibition against "living under the appearance of being married," contained in Subsections 25.01(a)(1)(B) and 25.01(a)(2)(B). Thus, the parallel structure of Section 22.011(f)'s two antecedent clauses mirrors the parallel structure of Subsections 25.01(a)(1) and 25.01(a)(2). This strongly suggests that the prohibition in each of the antecedent clauses was intended to be tethered to the specific parallel prohibitions enumerated in Section 25.01(a). For this reason, I agree with the Court's construction of Section 22.011(f)—at least to the extent that it holds that the court of appeals erred to believe that the statute authorizes an en-

---

1. Neither does the word "prohibit" appear in Section 6.201 of the Family Code, the provision that declares certain marriages to be "void." TEX. FAM. CODE § 6.201.

2. Section 25.01(a) of the Penal Code reads, in relevant part:
 (a) An individual commits an offense if:
 (1) he is legally married and he:
 (A) purports to marry or does marry a person other than his spouse ... under circumstances that would, but for the actor's prior marriage, constitute a marriage; or

(B) lives with a person other than his spouse ... under the appearance of being married; or
(2) he knows that a married person other than his spouse is married and he:
(A) purports to marry or does marry that person ... under circumstances that would, but for the person's prior marriage, constitute a marriage; or
(B) lives with that person ... under the appearance of being married.
TEX. PEN. CODE § 25.01(a).

hancement for sexual assault on a showing that the actor could not marry his victim on account of provisions other than the bigamy statute.

This understanding of Section 22.011(f) is consistent with our previous observation, in *State v. Rosseau*, 396 S.W.3d 550, 558 (Tex. Crim. App. 2013), that "[t]he 'under Section 25.01' portion of the statute suggests that the provision applies when both sexual assault and bigamous conduct are alleged." My only quibble with *Rosseau* is that it mistakenly assumed that the reference in Section 22.011(f) to the bigamy statute means that the enhancement can only apply to "bigamists who sexually assault their purported spouses." *Id.*

### II.

I believe that *Rosseau* was mistaken to the extent it suggested that Section 22.011(f) means that the State may only enhance an offender's conviction to a first degree felony if it proves that he actually committed the offense of bigamy. I am convinced that Section 22.011(f) requires the State merely to prove that, *if* the actor were to actually to marry or purport to marry his victim, or *if* he were to live with his victim under the appearance of being married, *then* he would commit the offense of bigamy under the provisions of Section 25.01. On its face, the provision plainly requires no more. Though to my mind some of the language in the text of the Court's opinion remains ambiguous, the Court's clarification in footnote 9 satisfies me that the Court's understanding is the same as my own.

With these observations, I join the Court's opinion.