

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-15-00201-CR

_____


MICHAEL RAY SENN, Appellant

v.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1308222R

---

Before Walker, Meier, and Gabriel, JJ.
Opinion on Remand and on Rehearing by Justice Walker
Dissenting Opinion on Remand and on Rehearing by Justice Gabriel

**OPINION ON REMAND AND ON REHEARING**

On May 17, 2018, we issued an opinion on remand applying the holding from *Arteaga v. State*, 521 S.W.3d 329, 336 (Tex. Crim. App. 2017)—that "[t]he legislature intended for the State to prove facts constituting bigamy whenever it alleges that the defendant committed sexual assault, *and* the State invokes [s]ection 22.011(f)" of the Texas Penal Code—as we were instructed to do by the Texas Court of Criminal Appeals. *See Senn v. State* (*Senn III*), No. 02-15-00201-CR, 2018 WL 2248673, at *2 (Tex. App.—Fort Worth May 17, 2018, no pet. h.) (op. on remand); *State v. Senn* (*Senn II*), No. PD-0145-17, 2017 WL 5622955, at *1 (Tex. Crim. App. Nov. 22, 2017) (not designated for publication) (remanding case to this court because we "did not have the benefit of [the court of criminal appeals's] opinion in *Arteaga*" and stating that it held in *Arteaga* that under section 22.011(f), "the [l]egislature 'intended for the State to prove facts constituting bigamy'"). Following our opinion on remand, the State filed a motion for rehearing. The State asserted that we had erred by concluding that section 22.011(f) required the State to prove facts constituting bigamy when it alleged that Senn committed sexual assault and the State invoked section 22.011(f) of the penal code to elevate Senn's punishment range for sexual assault to a first-degree felony offense. Relying on a footnote in the court of criminal appeals's opinion in *Arteaga*, as well as Judge Yeary's concurring opinion, the State argued that it was required to prove only "that, if he [Senn] were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he *would* be

guilty of bigamy." We deny the State's motion for rehearing but withdraw our prior opinion and judgment dated May 17, 2018, and substitute in their places this opinion and judgment to clarify our prior holding.

## I. INTRODUCTION

As set forth in our opinion on original submission, Senn sexually assaulted and impregnated his biological daughter Brenda[1] while he was married to her step-mother. A jury convicted Senn of prohibited sexual conduct, for which he was sentenced to twenty years' imprisonment,[2] and of sexual assault, for which he was sentenced to life imprisonment after the jury affirmatively answered a special issue statutorily enhancing his sexual assault conviction from a second-degree felony to a first-degree felony under section 22.011(f). *See* Tex. Penal Code Ann. § 22.011(f) (West Supp. 2018), § 25.02(a)(1), (c) (West 2011). After addressing Senn's four issues—challenging the sufficiency of the evidence to trigger the enhancement, the constitutionality of section 22.011(f) as applied to him, and the absence of a bigamy instruction from the jury charge—we affirmed both of his convictions. *See Senn v. State (Senn I)*, 551

---

[1]To protect the anonymity of the victim, we use a pseudonym. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[2]Senn's notice of appeal states that he is appealing "from the judgments heretofore rendered against him," but he does not raise any issue on appeal related to his prohibited-sexual-conduct conviction.

S.W.3d 172, 183 (Tex. App.—Fort Worth 2017),[3] *vacated*, *Senn II*, 2017 WL 5622955, at *1.

In a per curiam opinion, the court of criminal appeals vacated our judgment and remanded this case to us because we did not have the benefit of its subsequent opinion in *Arteaga*, which construed for the first time the enhancement provision in section 22.011(f) in the context of jury-charge error. *See Senn II*, 2017 WL 5622955, at *1. After applying *Arteaga*'s holding—that "[t]he legislature intended for the State to prove facts constituting bigamy whenever it alleges that the defendant committed sexual assault, *and* the State invokes [s]ection 22.011(f)"—to the facts here, we hold that the evidence is insufficient to trigger the statutory enhancement of Senn's sexual assault charge. Accordingly, we will affirm Senn's unchallenged conviction for prohibited sexual conduct, modify the trial court's judgment on the sexual assault to reflect a conviction for a second-degree felony, reverse the judgment on the sexual

---

[3]In *Senn I*, we held that "[t]he State was therefore not required to show that Senn was engaged in a bigamous relationship with Brenda under section 25.01 in order to trigger application of penal code section 22.011(f)'s enhancement provision." *Id.* at 178. We reached this holding after conducting a statutory-construction analysis and concluding that the phrase in section 22.011(f)—"prohibited from marrying"—is not tied to section 22.011(f)'s phrase—"under section 25.01." The court of criminal appeals rejected this statutory-construction analysis in *Arteaga*. *See* 531 S.W.3d at 335–37.

4

assault as to punishment, and remand the sexual assault case for a new trial on punishment.[4]

## II. THE EVIDENCE IS INSUFFICIENT TO TRIGGER THE STATUTORY ENHANCEMENT

### A. The Statutory Provisions at Issue

Section 22.011(f) enhances the offense of sexual assault from a second-degree felony to a first-degree felony "if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under [s]ection 25.01." Tex. Penal Code Ann. § 22.011(f). Section 25.01 (the bigamy statute) states,

(a) An individual commits an offense if:

(1) he is legally married and he:

(A) purports to marry or does marry a person other than his spouse in this state, or any other state or foreign country, under circumstances that would, but for the actor's prior marriage, constitute a marriage; or

(B) lives with a person other than his spouse in this state under the appearance of being married; or

(2) he knows that a married person other than his spouse is married and he:

(A) purports to marry or does marry that person in this state, or any other state or foreign country, under

---

[4]Because Senn does not challenge the sufficiency of the evidence to support the elements of sexual assault as a second-degree felony, we omit a detailed factual and procedural background.

circumstances that would, but for the person's prior marriage, constitute a marriage; or

(B) lives with that person in this state under the appearance of being married.

*Id.* § 25.01 (West Supp. 2018).

## B. The Parties' Positions

In his first issue, Senn argues that the evidence is insufficient to the trigger the statutory enhancement under section 22.011(f) because there is no evidence that he was engaged in a bigamous relationship with Brenda. On rehearing of our opinion on remand, the State contends that the evidence necessary to trigger the statutory enhancement under section 22.011(f) is proof that "if he [Senn] were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he *would* be guilty of bigamy."

## C. Under *Arteaga*, What Evidentiary Burden Does the State Bear to Trigger the Enhancement Under Section 22.011(f)?

Before we conduct a sufficiency analysis of the evidence to support enhancement of Senn's conviction under section 22.011(f), we must first determine exactly what the State was required to prove to attain enhancement of Senn's conviction under section 22.011(f). This was the very question the Texas Court of Criminal Appeals told us it had answered in *Arteaga*.

The court of criminal appeals in *Arteaga* set forth the issue—the same issue presented to this court by the State's motion for rehearing—followed by the various interpretations of section 22.011(f):

[W]hat does the State have to prove when it invokes [s]ection 22.011(f) of the sexual-assault statute, which incorporates the bigamy statute, to elevate sexual assault from a second-degree felony to a first-degree felony?[5]

The State argues that [s]ection 22.011(f) requires proof under the bigamy statute only when the victim is a person who[m] the defendant is prohibited from living with under the appearance of being married. The court of appeals reached a "middle ground," deciding that the State is required to prove facts that would constitute bigamy under [s]ection 25.01 when the victim is a person that (1) the defendant was prohibited from claiming to marry *or* (2) when the victim was someone who[m] the defendant was prohibited from living [with] under the appearance of being married. We, however, conclude that the State is required to prove facts constituting bigamy [under section 25.01][6] under all three provisions of 22.011(f), that is, when the defendant was prohibited from (1) marrying the victim or (2) claiming to marry the victim, and when the defendant was prohibited from (3) living with the victim under the appearance of being married.

521 S.W.3d at 335.

This section of the *Arteaga* opinion is immediately followed by footnote 9, which is relied on by the State in its motion for rehearing:

---

[5]The dissent relies partially upon *Estes v. State*, 546 S.W.3d 691, 699 & n.50 (Tex. Crim. App. 2018). The issue addressed in *Estes*, however, was an as-applied constitutional challenge to section 22.011(f), not a challenge to the sufficiency of the evidence produced to support enhancement of a conviction under section 22.011(f) as in this appeal.

[6]Throughout the *Arteaga* opinion, the court of criminal appeals makes clear that the three prohibitions in section 22.011(f) must be interpreted in conjunction with the bigamy statute—Texas Penal Code section 25.01. 521 S.W.3d at 339 (stating that "it was the State's responsibility to prove that Arteaga was 'prohibited from marrying the victim . . . *under [s]ection 25.01*'") (emphasis added); *see also id.* at 338 ("As we have explained, however, *the bigamy statute* defines when a person is prohibited from marrying another for purposes of 22.011(f), not the [f]amily [c]ode.") (emphasis added). We therefore insert the omitted words to provide additional clarity.

> When we discuss "facts that *would* constitute bigamy," we do not mean that the State has to prove that the defendant committed the offenses of sexual assault and bigamy. What we mean is that, to elevate second-degree felony sexual assault to first-degree felony sexual assault under [s]ection 22.011(f), the State must prove that the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he would be guilty of bigamy.

*Id.* at 335 n.9.

The court of criminal appeals in the body of its *Arteaga* opinion then concluded that the legislature drafted section 22.011(f) using the modifying phrase "prohibited from" to incorporate all six bigamy prohibitions from section 25.01: (1) marriage is prohibited if a person does marry a person other than his spouse; (2) marriage is prohibited if a person does marry someone whom he knows is already married; (3) a person is prohibited from claiming to marry a person other than his spouse; (4) a person is prohibited from claiming to marry a person whom he knows is already married; (5) a person is prohibited from living under the appearance of being married with a person other than his spouse; and (6) a person is prohibited from living under the appearance of being married with a person whom he knows is already married. *See id.* at 336 (citing section 25.01(a)(1)(A), (a)(1)(B), (a)(2)(A), (a)(2)(B)). The court of criminal appeals held that the legislature intended for the State to prove *facts constituting bigamy* under one of the six bigamy prohibitions enumerated above whenever it alleges that the defendant committed sexual assault and it invokes section 22.011(f). *See id.* In support of its holding, the court of criminal appeals recognized the polygamy purposes underlying the enactment of section 22.011(f) and further recognized that, in

cases such as this in which the victim has been sexually abused by a family member, statutory protection already exists as found in Texas Penal Code section 25.02. *See id.* at 337 (citing section 25.02, which prohibits sex between family members). And in remanding this case to us, the court of criminal appeals summarized its *Arteaga*[7] holdings as follows:

> We recently handed down our opinion in *Arteaga v. State*, [citation omitted] in which we held that under § 22.011(f), the [l]egislature "intended for the State to prove facts constituting bigamy." We also held that the jury charge in that case was erroneous because it neglected to include the definition of bigamy from § 25.01.

*Senn II*, 2017 WL 5622955, at *1.

After arduous study, we are unable to reconcile footnote 9's articulation of the evidence the State is required to produce to trigger enhancement under section 22.011(f)—facts that would constitute bigamy—with the *Arteaga* opinion's articulation of the evidence the State is required to produce to trigger enhancement under section 22.011(f)—facts constituting bigamy. The State on rehearing contends that footnote 9's standard applies; Senn argues that the State was required to prove facts constituting bigamy. Examining footnote 9, we note that the "would constitute

---

[7]*Arteaga* involved jury-charge error, but the analysis also governs the sufficiency challenge here because we are required to compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial, and *Arteaga* set forth what must be included in a hypothetically correct jury charge for the statutory enhancement at issue here. *See Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Consequently, although in *Senn I* we analyzed section 22.011(f) without regard to section 25.01, we now apply the *Arteaga* analysis incorporating section 25.01. *See Arteaga*, 521 S.W.3d at 336–38; *Senn I*, 2017 WL 117306, at *1–3.

bigamy" language referenced by footnote 9 is not used in the sentence immediately preceding the footnote, which sets forth the court's holding, but rather is used in a prior sentence that summarizes the court of appeals's holding. *See Arteaga*, 521 S.W.3d at 335. And although the body of the *Arteaga* opinion uses the "would constitute bigamy" language five times in its statutory construction analysis comparing section 22.011(f) to section 25.01, the court of criminal appeals ultimately concludes its statutory construction analysis with a holding using the "facts constituting bigamy" language, as follows:

> When the two statutes are considered in light of each other, the grammatical ambiguity in [s]ection 22.011(f) is clarified: **The legislature intended for the State to prove facts constituting bigamy** whenever it alleges that the defendant committed sexual assault, *and* the State invokes [s]ection 22.011(f).

*Id.* at 335–36 (bolded emphasis added). Throughout the *Arteaga* opinion, each time the holding is referenced, the court of criminal appeals does not use the "would constitute bigamy" language but instead utilizes the "facts constituting bigamy" language. *See id.* at 335 ("We, however, conclude that the State is required to prove *facts constituting bigamy* under all three provisions of 22.011(f), that is, when the defendant was prohibited from (1) marrying the victim or (2) claiming to marry the victim, and when the defendant was prohibited from (3) living with the victim under the appearance of being married.") (emphasis added), 336 ("The legislature intended for the State to prove *facts constituting bigamy* whenever it alleges that the defendant committed sexual assault, *and* the State invokes [s]ection 22.011(f).") (emphasis

10

added). Nor is the "would constitute bigamy" language contained in the court of criminal appeals's opinion remanding this case to us; that opinion also utilizes the "facts constituting bigamy" language. *See Senn II*, 2017 WL 5622955, at *1 ("We recently handed down our opinion in *Arteaga v. State*, [citation omitted] in which we held that under § 22.011(f), the [l]egislature 'intended for the State to prove *facts constituting bigamy*.'") (emphasis added).

The court of criminal appeals has previously instructed that footnotes and concurring opinions are not precedential. *See Gonzales v. State*, 435 S.W.3d 801, 813 n.11 (Tex. Crim. App. 2014) ("We agree that we have intimated that we are not bound by holdings expressed in the footnotes of our own opinions."); *Young v. State*, 826 S.W.2d 141, 144 n.5 (Tex. Crim. App. 1991) (stating that footnotes should receive minimal precedential value); *see also Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013) (stating that concurring opinions have only persuasive value); *Schultz v. State*, 923 S.W.2d 1, 3 n.2 (Tex. Crim. App. 1996) ("As a concurring opinion, *Lugo-Lugo* is not binding precedent."). For this reason, and also because we are constrained to follow the instructions given to us on remand by the court of criminal appeals, we decline the State's request on rehearing urging us to apply the "would constitute bigamy" language in our sufficiency analysis.[8] *See Senn II*, 2017 WL 5622955, at *1

---

[8]The dissent asserts that we are bound by *Arteaga*'s footnote 9. This may be so. But we are undisputedly bound by the court of criminal appeals's stated holding in the *Arteaga* opinion. And we are undisputedly bound by the court of criminal appeals's opinion remanding this case to us in light of *Arteaga* and stating that in *Arteaga* it had held "the [l]egislature 'intended for the State to prove facts constituting bigamy.'" *See*

11

(remanding case to this court because we "did not have the benefit of [the court of criminal appeals's] opinion in *Arteaga*" and stating that it had held in *Arteaga* that under section 22.011(f), "the [l]egislature 'intended for the State to prove facts constituting bigamy'"); *see also Senn II* mandate, Texas Court of Criminal Appeals, http://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=c78d3ae4-9601-aa1-af87-8ba4242f7e25&coa=coscca&DT=MANDATE%20ISSD&MediaID=cd646b38-e360-436c-bcb6-611407c7aa66 (commanding us to "observe the order of our said Court of Criminal Appeals in this behalf and in all things to have it duly recognized, obeyed[,] and executed") (omitted use of bolded all caps). We apply the same sufficiency standard that we applied in our original opinion on remand. *See Senn III*, 2018 WL 2248673, at *2.

## D. Standard of Review

In our due-process review of the sufficiency of the evidence, we view all of the evidence in the light most favorable to the jury's answer to the special issue to determine whether any rational trier of fact could have found the essential elements of the special issue beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Gale v. State*, 998 S.W.2d 221, 224 (Tex. Crim. App. 1999); *Stewart v. State*, 350 S.W.3d 750, 755 (Tex. App.—Amarillo 2011, pet. ref'd).

---

*Senn II*, 2017 WL 5622955, at *1. Therefore, here, we are compelled to apply that undisputedly binding precedent and not footnote 9.

To determine whether the State has met its burden under *Jackson* to prove a defendant's guilt beyond a reasonable doubt, we compare the elements of the special issue as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Cf. Jenkins*, 493 S.W.3d at 599; *Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012) ("The essential elements of the crime are determined by state law."). A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Jenkins*, 493 S.W.3d at 599. The law as authorized by the indictment means the statutory elements of the special issue as modified by the factual details and legal theories contained in the charging instrument. *Cf. id.*

### E. Applying *Arteaga* to These Facts

Pursuant to the court of criminal appeals's holding in *Arteaga*, the State was required to prove facts constituting bigamy to enhance Senn's second-degree felony sexual assault to first-degree felony sexual assault. *See* 521 S.W.3d at 336 (stating "[t]he legislature intended for the State to prove facts constituting bigamy whenever . . . the State invokes [s]ection 22.011(f)"), *id.* at 339 ("[I]t was the State's responsibility to prove that Arteaga was 'prohibited from marrying the victim . . . under [s]ection 25.01.'"); *see also Estes*, 546 S.W.3d at 699 (quoting *Arteaga*'s holding). This does not mean that the State was required to indict Senn for bigamy, nor does it require the State to obtain a predicate finding of bigamy in order to trigger the

13

enhancement under section 22.011(f). Instead, a hypothetically correct jury charge requires the State to prove that Senn was "prohibited from marrying the victim . . . *under [s]ection 25.01.*" *See Arteaga*, 521 S.W.3d at 339 (emphasis added). Thus, to trigger the enhancement under section 22.011(f), the State was required to prove facts constituting a sexual assault and facts constituting one of the six bigamy prohibitions listed in section 25.01.

But here, the State put on evidence only of Senn's sexual assault of Brenda and his marriage license reflecting his marriage to Brenda's step-mother. There was no evidence that Senn took, attempted, or intended to take any action involving marrying or claiming to marry Brenda or living with Brenda under the appearance of being married. Evidence of the sexual assault and of Senn's marriage license to Brenda's step-mother, standing alone, do not amount to facts constituting one of the six bigamy prohibitions under section 25.01. Moreover, the State conceded in its original briefing[9] to this court "that it offered no evidence that [Senn] committed a bigamy offense with [Brenda]."[10] Thus, regardless of the correctness or incorrectness of the section 22.011(f) special issue submitted in this case,[11] because no facts exist that Senn

[9]We did not request, nor did the parties file, new briefing when this case was submitted after remand.

[10]Because the State did not have the benefit of *Arteaga*'s construction of section 22.011(f) when it tried this case, the State mistakenly believed that no proof of bigamy was required under section 22.011(f).

[11]As set forth above, *Arteaga* held that a jury charge involving a special issue on section 22.011(f) must include the definition of bigamy from section 25.01. 521

14

committed a bigamy offense with Brenda, the evidence is insufficient to "prove facts constituting bigamy" as required by *Arteaga*'s holding. *See id.* at 336 (stating that "[t]he legislature intended for the State to prove facts constituting bigamy whenever . . . the State invokes [s]ection 22.011(f)"). Based on the evidence presented, no reasonable factfinder could have found beyond a reasonable doubt that Senn and Brenda's relationship constituted bigamy when he sexually assaulted her. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *cf. Torres v. State*, No. 03-14-00712-CR, 2017 WL 3124238, at *5 (Tex. App.—Austin July 21, 2017, no pet.) (mem. op., not designated for publication) (holding, in light of *Arteaga*, evidence insufficient to prove that appellant "committed the first-degree-felony offense of sexual assault of a person whom he was prohibited from marrying under the bigamy statute"). Accordingly, we hold the evidence insufficient to trigger the statutory enhancement for sexual assault under section 22.011(f), and we sustain Senn's first issue.[12]

---

S.W.3d at 338–39. Although the jury charge here did not comply with *Arteaga*'s holding, we need not address it further because Senn's jury charge issue would not afford him greater relief than his sufficiency challenge. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

[12]Because we hold the evidence insufficient to trigger the statutory enhancement under section 22.011(f), we need not address Senn's fourth issue challenging the correctness of the jury charge or his second and third issues challenging the constitutionality of section 22.011(f). *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of appeal).

15

### F. Effect on Conviction and Punishment

Senn prays that we vacate the sentence on his sexual assault conviction and enter a judgment of acquittal. Because Senn does not challenge the sufficiency of the evidence to support the elements of sexual assault as a second-degree felony, it would be an "'unjust' windfall" for us to order an acquittal on the sexual assault charge based on insufficient evidence relating solely to the statutory enhancement that raised the offense to the level of a first-degree felony. *See Thornton v. State*, 425 S.W.3d 289, 298 (Tex. Crim. App. 2014). Moreover, in the course of convicting Senn of sexual assault as a first-degree felony, the jury must have found every element necessary to convict him of the charged sexual assault as a second-degree felony; therefore, there is sufficient evidence to support a second-degree felony conviction for sexual assault. *See id.* at 300. Thus, we modify Senn's sexual assault judgment to reflect that he was convicted of a second-degree felony, but we must remand that charge to the trial court for a new trial on punishment so that a factfinder may consider the proper punishment range. *See id.*; *Torres*, 2017 WL 3124238, at *6 (modifying judgment to reflect a conviction for the second-degree-felony offense of sexual assault, affirming the judgment as modified as to the finding of guilt, reversing the part of the judgment imposing sentence, and remanding to the district court for a new punishment hearing for that offense); *Smith v. State*, Nos. 02-08-00394-CR, 02-08-00395-CR, 2010 WL 3377797, at *15–16 (Tex. App.—Fort Worth Aug. 27, 2010, no pet.) (not designated for publication) (holding that when the first-degree felony range of punishment under

16

section 22.011(f) had been improperly applied to a defendant but the defendant had not challenged the sufficiency of the evidence to support second-degree felony convictions, the appropriate remedy was to "remand for a new trial on punishment alone").

### III. CONCLUSION

Having sustained Senn's first issue, which is dispositive of the appeal on remand, we affirm the trial court's judgment of conviction on Senn's unchallenged conviction for prohibited sexual conduct, modify the trial court's judgment on Senn's charge for sexual assault to reflect a second-degree felony, reverse the trial court's judgment on Senn's charge for sexual assault as to punishment, and remand the sexual assault case to the trial court for a new trial on punishment only.

/s/ Sue Walker
Sue Walker
Justice

Publish

Delivered: October 25, 2018