

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0563-17

**TERRI REGINA LANG, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRD COURT OF APPEALS
## BURNET COUNTY

**KELLER, P.J., filed a concurring opinion.**

A statute must be construed in accordance with the plain meaning of its text unless the text is ambiguous or the plain meaning would lead to absurd results that the legislature could not have possibly intended.[1] The organized retail theft statute says:

A person commits an offense if the person intentionally *conducts, promotes, or facilitates an activity in which the person* receives, possesses, conceals, stores,

---

[1] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

barters, sells, or disposes of . . . stolen retail merchandise.[2]

Does the meaning of the statute change if the italicized language is removed? Although terms in a statute can sometimes overlap,[3] rendering the main verbs in a statute meaningless is an absurd result that the legislature could not have possibly intended.[4] But that is exactly what happens if this statute is applied to a mere shoplifter. It is suggested that Appellant was not a mere shoplifter because she left the store with the items she stole. But the whole point of theft is to "deprive the owner of property."[5] One does not expect a person who steals property from a store to remain in the store indefinitely, so leaving the store is not a sufficiently distinct act from the initial theft.[6]

With these comments I join the Court's opinion.

Filed: November 21, 2018

Publish

---

[2] TEX. PENAL CODE § 31.16(b)(1) (emphasis added).

[3] *See Clinton v. State*, 354 S.W.3d 795, 802 (Tex. Crim. App. 2011).

[4] *See Arteaga v. State*, 521 S.W.3d 329, 334 (Tex. Crim. App. 2017) ("We also presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible.").

[5] TEX. PENAL CODE § 31.03(a).

[6] Perhaps one could consume certain kinds of property inside a store, but it is absurd to think that criminal liability under this provision could turn on whether a person who steals a candy bar from a store eats it while still inside the store or eats it shortly after exiting.