

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00428-CR

ASHTON HARRY MATTHEWS                                             APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
## TRIAL COURT NO. 53745-B

----------

## OPINION

----------

A jury convicted Appellant Ashton Harry Matthews of assault of a public servant and assessed his punishment at five years' confinement and a $2,500 fine. The trial court sentenced him accordingly. In his sole issue, Appellant contends that the trial court reversibly erred by instructing the jury on a partial definition of "reasonable doubt." Because the trial court did not reversibly err, we affirm the trial court's judgment.

At trial, Appellant properly and timely objected to the partial *Geesa* instruction.[1] The proper analysis of his complaint, then, is governed by *Almanza v. State*:[2] If error exists in the jury charge and if proper objection was made to the erroneous instruction, we must reverse if Appellant suffered any harm.[3] Appellant asks this court to reconsider our decision in *Vosberg v. State*,[4] in which we held that the instruction—"It is not required that the prosecution prove guilt beyond all possible doubt. It is required that the prosecution's proof exclude[] all 'reasonable doubt' concerning the defendant's guilt"—is not a definition of reasonable doubt but "merely notes that reasonable doubt does not mean possible doubt."[5] In *Vosberg*, we held that the trial court did not commit error in giving that instruction.[6] We did not hold, and we do not now hold that giving such an instruction is a wise thing for trial courts to do. But, under existing law and on this record, we must hold that it was not error to give the charge in this case.

---

[1]*Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), *overruled by Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

[2]686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

[3]*Id.*

[4]80 S.W.3d 320, 324 (Tex. App.—Fort Worth 2002, pet. ref'd).

[5]*Id.*

[6]*Id.*

Indeed, in abrogating *Geesa*,[7] the Texas Court of Criminal Appeals specifically stated, "We find that the better practice is to give no definition of reasonable doubt at all to the jury."[8]  Nevertheless, this court has held that instructing the jury what the term "reasonable doubt" does not mean is not providing a definition of what the term does mean.[9]  Applying this subtle logic to the distinction between instructions, and following our precedent, we overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

LIVINGSTON, C.J., and SUDDERTH, J., concur without opinion.

PUBLISH

DELIVERED:  July 2, 2015

---

[7] 820 S.W.2d at 161.

[8] *Paulson*, 28 S.W.3d at 573.

[9] *Vosberg*, 80 S.W.3d at 324.

3