**Opinion filed June 21, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00163-CR

_____

## JAMIE WILSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 7564**

### M E M O R A N D U M   O P I N I O N

The jury convicted Jamie Wilson of the felony offense of assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2017 ). Appellant pleaded "true" to a prior felony alleged for enhancement purposes. The jury assessed Appellant's punishment at confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. In two issues on appeal, Appellant alleges two instances of jury charge error. We affirm.

*Background Facts*

On July 17, 2013, Correctional Officer Edward James Peterson was escorting Appellant in hand restraints to administrative segregation when Appellant bit him on the left index finger. Officer Peterson testified that Appellant stopped him to ask for help on a case, and Appellant became irritated and agitated after Officer Peterson informed him that he was unable to help. Concerned about Appellant's disruptive behavior, which included yelling profanities, Officer Peterson testified that he threatened to take Appellant to "Ad Seg," to which Appellant responded, "Good[,] lock me up." Officer Peterson testified that Appellant voluntarily submitted to the hand restraints and appeared happy to go to "Seg" because it was air-conditioned.

While en route, Appellant again asked Officer Peterson for help. Officer Peterson testified that things escalated quickly after he declined Appellant's request for the second time. Officer Peterson testified that Appellant turned around and tried to head butt him, which prompted Officer Peterson to try to put Appellant "on the wall." During the struggle, Officer Peterson's left hand went in front of Appellant's face, and Appellant bit Officer Peterson's left index finger down to the bone. Officer Peterson testified that he could not reach his mace because he is left-handed and the mace was on his left side. Officer Peterson shouted to Appellant to "let go" multiple times, but Appellant did not comply with the order. Unable to extract his finger from Appellant's mouth, Officer Peterson struck Appellant approximately three to five times in the left side of the head with a closed fist before Appellant released his finger. Two additional officers witnessed the incident and helped get Appellant to the ground.

Appellant took the stand in his own defense. Appellant testified that he tried to speak with Officer Peterson, who was unsympathetic to Appellant's request. Appellant testified that Officer Peterson told him to "put [his] hands behind [his] back" even though Appellant was not being disruptive and had complied with

2

Officer Peterson's prior request to produce his ID. Appellant testified that Officer Peterson was being "extremely rough" during the escort. Appellant testified that he told Officer Peterson that Officer Peterson was "doing [him] a favor by locking [him] up" and that Officer Peterson told Appellant to "shut the f--k up," pushed him into the wall, and punched him in the face. Appellant claimed that he was scared for his life after Officer Peterson's second punch and that he bit the end of Officer Peterson's finger out of self-defense. Appellant claimed that, after he bit Officer Peterson and told him, "[D]on't hit me no more," he released Officer Peterson's finger and the alleged assault stopped.

## *Analysis*

In two issues on appeal, Appellant alleges two instances of jury charge error. We review a claim of jury charge error using the procedure set out in *Almanza v. State*.[1] *State v. Ambrose*, 487 S.W.3d 587, 594 (Tex. Crim. App. 2016). Our first duty in analyzing a jury charge issue is to decide whether error exists. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017) (citing *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009)). If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Id.*

If a timely objection was lodged at trial, reversal is required if the error resulted in "some harm" to the defendant. *Elizondo v. State*, 487 S.W.3d 185, 204 (Tex. Crim. App. 2016). Conversely, when the error was not objected to, reversal is proper only if the error caused actual, egregious harm to the defendant. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). Because we conclude that the charge was not erroneous in this case, we do not conduct a harm analysis of either issue. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015) (citing *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012)).

---

[1] 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

3

Appellant asserts in his first issue that the trial court erred by failing to sua sponte provide the jury with an instruction that the State had the burden to prove beyond a reasonable doubt that Appellant did not act in self-defense. Appellant did not object to this alleged omission in the court's charge. Appellant contends that he was egregiously harmed by the trial court's alleged error.

Under Article 36.14 of the Texas Code of Criminal Procedure, the trial court is required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). This duty exists even when defense counsel fails to object to inclusions or exclusions in the charge and, thus, may require the trial court to sua sponte instruct the jury on the law applicable to the case. *Taylor*, 332 S.W.3d at 486.

Self-defense is a fact issue to be determined by the jury, and a jury verdict of guilt is an implicit finding that it rejected a defendant's self-defense theory. *Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991). For self-defense claims, the defendant has the burden of producing some evidence to support the claim. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *see Saxton*, 804 S.W.2d at 913–14 (contrasting self-defense from affirmative defenses and explaining how burdens shift for self-defense). If the defendant produces some evidence, the State has the "burden of persuasion to disprove the raised defense." *Zuliani*, 97 S.W.3d at 594. The State's burden does not require the production of any additional evidence; instead, "it requires only that the State prove its case beyond a reasonable doubt." *Id.*; *see Saxton*, 804 S.W.2d at 913.

In this case, the self-defense portion of the charge did not specifically identify who had the burden to prove or disprove Appellant's self-defense claim. The application portion of the jury charge regarding self-defense stated as follows:

If you find from the evidence beyond a reasonable doubt that on or about the 17th day of July, 2013, in Mitchell County, Texas, the defendant, Jamie Wilson, did then and there intentionally, knowingly, or recklessly cause bodily injury to Edward Peterson by biting the index finger on Edward Peterson's left hand, and the defendant knew that Edward Peterson was a public servant, to-wit: Texas Department of Criminal Justice Correctional Officer, and that Edward Peterson was lawfully discharging an official duty to wit: escorting the defendant through the Wallace Unit, or you find, beyond a reasonable doubt, the defendant, Jamie Wilson, did then and there intentionally, knowingly, or recklessly cause bodily injury to Edward Peterson by biting the index finger on Edward Peterson's left hand, *but you further find, or have a reasonable doubt thereof, that any force used by Edward Peterson was unlawful and you further find that the defendant was justified in using force against Edward Peterson when and to the degree he reasonably believed the force was immediately necessary to protect himself against Edward Peterson's use of unlawful force, you will find the defendant not guilty.*

(Emphasis added).

Appellant asserts that the charge should have contained a "more clearly articulated burden of proof for self-defense," like the Pattern Jury Charge instruction for self-defense, which provides as follows: "The defendant is not required to prove self-defense. Rather, the state must prove, beyond a reasonable doubt, that self-defense does not apply to the defendant's conduct." Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Criminal Pattern Jury Charges: Criminal Defenses PJC* 31.17 (2015). The Houston Court of Appeals addressed a similar contention in *Savoy v. State*, No. 14-15-00637-CR, 2016 WL 6809168, at *5 (Tex. App.—Houston [14th Dist.] Nov. 17, 2016, pet. ref'd) (mem. op., not designated for publication). We agree with our sister court that this language, while preferable, was not necessary when viewed in light of the entire charge. *See Savoy*, 2016 WL 6809168, at * 5; *see also Goodson v. State*, No. 05-15-00143-CR, 2017 WL 1360193, at *10–12 (Tex. App.—Dallas Apr. 12, 2017, pet. ref'd) (mem. op., not designated for publication).

5

The charge provided that Appellant was entitled to a presumption of innocence and that the "burden of proof in all criminal cases rests upon the State throughout the trial, and never shifts to the defendant." Furthermore, the charge stated, "The law does not require a defendant to prove his innocence or produce any evidence at all." When read together, the charge cannot be said to have placed the burden on Appellant to prove that he acted in self-defense. *See Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979) ("Clearly, when the charge is viewed as a whole, it placed the burden on the State to show beyond a reasonable doubt that appellant was not acting in self-defense."). Accordingly, the trial court did not err in failing to sua sponte give the instruction. Appellant's first issue is overruled.

In his second issue, Appellant asserts that the trial court erred by providing a partial *Geesa*[2] instruction on reasonable doubt over his objection. The court's charge contained the following language:

> It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt. In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say your verdict "not guilty."

Appellant objected to this portion of the charge on the basis that "reasonable doubt is not to be defined in the Court's Charge, and that this sentence included in the Court's Charge shifts the burden of proof to the Defense to raise reasonable doubt." On appeal, Appellant contends that this charge defined reasonable doubt because "[e]xplaining what something is not, is essentially defining what it is."

---

[2]*Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), *overruled in part by Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

6

The language in the court's charge quoted above combines paragraphs three and six of the *Geesa* instruction.[3]  Both at trial and on appeal, Appellant is challenging the first sentence of the charge by the trial court that tracks the third paragraph of the *Geesa* charge.  In other words, Appellant is not challenging the second sentence of the charge instructing the jury to acquit Appellant if it has a reasonable doubt of his guilt, which is the sixth paragraph of the *Geesa* charge.

Appellant acknowledges that this court has held that the first sentence of the complained-of language does not define reasonable doubt, and he asks us to reconsider our decision.  *See Daughtry v. State*, No. 11-01-00329-CR, 2003 WL 22146391, at *4 (Tex. App.—Eastland 2003, no pet.) (not designated for publication).  Following our decision, the Texas Court of Criminal Appeals held in

[3]Under *Geesa*, trial courts were required to define reasonable doubt in their jury charges by including the following six-paragraph jury instruction:

[1] All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.  The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after a careful and impartial consideration of all the evidence in the case.

[2] The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

[3] It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

[4] A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case.  It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

[5] Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

[6] In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty."

*Geesa*, 820 S.W.2d at 162.

two cases that a trial court did not abuse its discretion in giving the same instruction. *Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010); *Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004). Accordingly, we decline to revisit this issue. *See Matthews v. State*, 478 S.W.3d 781, 783 (Tex. App.—Fort Worth 2015, no pet.) (holding that "instructing the jury what the term 'reasonable doubt' does not mean is not providing a definition of what the term does mean"). We overrule Appellant's second issue.

## *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

June 21, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[4]

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.