# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00322-CR

**Roderick Payton, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. D-1-DC-16-301681, HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Roderick Payton guilty of aggravated robbery with a deadly weapon. *See* Tex. Penal Code § 29.03(a)(2). The jury assessed punishment at 10 years' imprisonment and recommended community supervision. The trial court sentenced Payton to 10 years' imprisonment probated for seven years and placed Payton on community supervision. In three points of error, Payton contends that errors in the jury charge caused him egregious harm. We will affirm the trial court's judgment of conviction.

## BACKGROUND

Unless otherwise stated, the following facts are undisputed. In the early morning hours of March 25, 2016, Robin Harris was sitting in his car in a parking lot in downtown Austin. Payton knocked on Harris's car door, opened the door, and began speaking with Harris. Christian Herron, an acquaintance of Payton, then opened Harris's other car door and began struggling with

Harris. Herron struck Harris on the side of the head with his hand or with a knife, causing Harris to bleed. Herron forced Harris out of the car and held him on the ground at knife point.

Meanwhile, Payton searched Harris's car. Herron took Harris's wallet and gave Payton a bank card. Payton and Herron obtained Harris's bank passcode. Payton walked toward an ATM, but he did not return with any money. Payton put the bank cards into the car. Payton and Herron got into the car and tried to start it. After some difficulty, Payton got the car started, but the car rolled backward and struck a pole. Payton and Herron then left the scene.

Harris found a police officer and reported the robbery. He was later treated for the injury to his head. Officers recovered Payton's fingerprints from the car's interior, and he was charged with aggravated robbery.

At trial, Harris testified that Payton did most of the talking during the robbery, told Herron what to do, and "seemed to be in charge of . . . the whole thing." For example, Harris testified that Payton told Herron, "If he moves, cut his fucking throat." Harris testified that Payton played an active role in the robbery by, among other things, threatening to kill Harris if he did not provide the correct bank passcode, holding the knife during part of the robbery, and starting Harris's car in an attempt to steal it.

Payton testified at trial and admitted that he was present during the robbery. However, Payton testified that he did not intend to rob Harris and that he only participated because he was afraid that Herron would cause further injury to Harris or Payton unless Payton did what Herron commanded. Payton testified that he believed that Herron was under the influence of illegal drugs during the robbery.

Payton was convicted and sentenced, and this appeal followed.

2

## STANDARD OF REVIEW

On appeal, Payton contends that errors in the jury charge caused him egregious harm. We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *See Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017); *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). In this case, the record does not indicate that Payton objected to the trial court's jury instructions. Therefore, any jury-charge error the trial court may have committed will not result in reversal of the conviction without a showing of egregious harm. *See Price*, 457 S.W.3d at 440.

## DISCUSSION

In three points of error, Payton contends that the trial court erred in failing to include the law of parties in the application portion of the jury charge, in authorizing conviction without requiring that the jury find beyond a reasonable doubt that Payton possessed the specific intent to cause bodily injury to Harris, and in authorizing conviction without requiring a unanimous verdict of all essential elements of the charged offense.

In relevant part, the jury charge read as follows:

> A person commits the offense of Aggravated Robbery, if he commits the offense of robbery as hereinafter defined, and he uses or exhibits a deadly weapon.
>
> ***

3

A person commits the offense of Robbery if in the course of committing theft as hereinafter defined and with intent to obtain or maintain control of the property he:
1. intentionally, knowingly, or recklessly causes bodily injury to another; or
2. intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

***

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property.

Appropriation of property is unlawful if it is without the owner's effective consent.

***

"Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion.

***

All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

In a prosecution in which an actor's criminal responsibility is based on the conduct of another, the actor may be convicted on proof of commission of the offense and that he was a party to its commission, and it is no defense that the person for whose conduct the actor is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution.

***

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, RODERICK PAYTON, on or about the 25th day of March, 2016, in the County of Travis and State of Texas, did then and

4

there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Robin Harris by striking Robin Harris with his fist or hand, and the said RODERICK PAYTON did then and there use or exhibit a deadly weapon, to wit: a knife, then you will find the defendant guilty of Aggravated Robbery and so say by your verdict. But, if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Aggravated Robbery and so say by your verdict not guilty.

\*\*\*

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

\*\*\*

After the reading of the charge and argument of counsel, you will retire and select one of your members as your foreperson. It is his or her duty to preside at your deliberations and to vote with you in arriving at a unanimous verdict. Your verdict must be unanimous and it must reflect the individual verdict of each individual juror, and not a mere acquiescence in the conclusion of the other jurors. After you have arrived at your verdict, you may use the form attached hereto by having your foreperson complete and sign it in conformance with your verdict.

Although the jury charge included an instruction on the law of parties in the abstract section, it did not mention the law of parties in the application paragraph. We will assume, without deciding, that this omission was error. We will also assume without deciding that Payton's other two complained of jury-charge issues were error. We must therefore determine whether Payton's complained of errors egregiously harmed him. *See Price*, 457 S.W.3d at 440. "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Arteaga*, 521 S.W.3d at 338. "An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766,

5

777 (Tex. Crim. App. 2011). "In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the closing arguments of the parties, and any other relevant information in the record." *Arteaga*, 521 S.W.3d at 338. We will consider each of these factors in turn.

**Entirety of the Jury Charge**

Although the application paragraph of the jury charge did not reference the law of parties, the abstract portion did correctly explain the circumstances under which one person can be held criminally responsible for another's actions. In addition, the application paragraph did reference "the foregoing instructions," asking the jurors to bear in mind the abstract portion of the charge when applying the law to the facts. Moreover, the instructions on the law of parties immediately preceded the application paragraph in the jury charge. "We conclude that a reasonable jury would refer to the abstract definition of the law of parties without needing to have it repeated again in the application paragraph." *Vasquez v. State*, 389 S.W.3d 361, 371 (Tex. Crim. App. 2012); *accord Plaster v. State*, No. 14-15-00522-CR, 2016 WL 6886777, at *3 (Tex. App.—Houston [14th Dist.] Nov. 22, 2016, pet. ref'd) (mem. op., not designated for publication). Therefore, we further conclude that the entirety of the jury charge weighs only slightly in favor of a finding of egregious harm or is neutral.[1]

---

[1] Payton argues that the jury charge erroneously authorized conviction without requiring that the jury find beyond a reasonable doubt that Payton possessed the specific intent to cause bodily injury to Harris. We note that any harm the error may have caused was in part mitigated by the application paragraph's instruction that the jury find Payton guilty only if the jurors concluded that he "intentionally, knowingly, or recklessly cause[d] bodily injury to Robin Harris." Payton also argues that the charge erroneously authorized conviction without requiring a unanimous verdict of all essential elements of the charged offense because some jurors may have believed he had specific intent to harm Harris while others did not. We note that any harm from the error was in part

6

**State of the Evidence**

Many of the facts of the robbery were uncontested. Payton admitted at trial that he approached Harris's car, was present during the robbery, and participated by searching through the car, walking toward an ATM with Harris's bank cards, and by starting Harris's car. The only material factual disputes concerned whether Payton was giving orders to Herron or receiving them, whether Payton ever held the knife, and whether Payton threatened to harm Harris. Because the jury found Payton guilty, we presume that the jurors rejected his assertions that he was an innocent bystander. Moreover, the indictment against Payton alleged that Payton committed aggravated robbery by causing bodily injury to Harris. Neither side presented any evidence at trial that Payton struck Harris or caused him bodily injury. Therefore, "there is no question that the only theory of appellant's liability was that of being a party." *Vasquez*, 389 S.W.3d at 371. Accordingly, we conclude that this factor weighs against a finding of egregious harm.

**Closing Arguments**

During closing argument, the prosecutor discussed the law of parties several times and made it clear that the State was seeking a conviction based on the law of parties. For example, the prosecutor made the following arguments:

mitigated by the charge's instruction, "Your verdict must be unanimous and it must reflect the individual verdict of each individual juror, and not a mere acquiescence in the conclusion of the other jurors." In addition, nothing in the record suggests that the prosecutor aggravated any charge error by telling the jury that it did not have to reach a unanimous verdict. Finally, as discussed below, neither party presented evidence that Payton himself struck Harris, so the jury could have properly found Payton guilty, if at all, only by unanimously applying the law of parties.

7

> Everything's written as if Mr. Payton did some things himself, and I know that can be a little bit confusing. But we're talking about the law of parties here, so it doesn't really matter that he did not hit Mr. Harris.
>
> ***
>
> In reality, though, based on the law of parties, what we know is that when you're in for a penny, you're in for a pound. And what that means is once you cast your lot with somebody, once you say, "This is something that we're going to do together" . . . . you're in. All in. And you don't get to decide how responsible you are. You're responsible for everything that happens from then on.
>
> And what we have here is evidence that Mr. Payton was in on this from the beginning. This is no accident. There's no threat made to him. He doesn't do anything to indicate that he's scared. What instead we see is somebody who is actively involved in this robbery.

Therefore, although the application paragraph of the jury charge did not directly reference the law of parties, the State's closing argument served much the same function by explaining how the law of parties could be applied to Payton's case. In addition, the defense's closing argument did not suggest that Payton was not present during the robbery or that he acted alone, so it did nothing to exacerbate the alleged charge error. Accordingly, we conclude that this factor weighs against a finding of egregious harm.

**Other Relevant Information**

During voir dire, the State addressed the law of parties and questioned jurors about it. This tends to mitigate any harm caused by the omission of the law of parties in the application paragraph of the jury charge. *See Plaster*, 2016 WL 6886777, at *4.

Payton argues that notes sent out by the jury during deliberations show that the alleged charge error confused the jury. In relevant part, the jury notes contained the following questions:

8

Does "effective consent" apply to the law of parties?

So, does it matter whether or not we think Mr. Payton is being coerced for the law of parties to apply?

\*\*\*

Does the charge in section 7 [the application paragraph] where it states "by striking Robin Harris with his fist or hand" mean that Roderick Payton, himself, did the striking? Did he do the hitting?

Or does this imply by law of parties, he hit Robin Harris?

The trial court answered the first set of questions with the following response: "Please be guided in your deliberations by the instructions previously given to you herein. The Law of Parties is explained in Paragraph 6 of the Court[']s Ins[t]ructions." Similarly, the trial court answered the second set of questions, "Please be guided in your deliberations by the instructions previously given to you herein."

We agree with Payton that these jury questions express confusion about applying the law of parties to this case. However, the trial court mitigated the confusion by referring the jurors back to the paragraph of the instructions that correctly explained the law of parties. Considering the other relevant information in the record as a whole, we conclude that this factor weighs only slightly in favor of a finding of egregious harm or is neutral.

**Summary**

Having considered all of the factors described above, we cannot conclude that the alleged jury-charge error "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory," *see Arteaga*, 521 S.W.3d at 338, or that the alleged error caused

9

Payton "actual rather than theoretical harm," *see Cosio*, 353 S.W.3d at 777. Accordingly, we cannot conclude that the alleged error egregiously harmed Payton, and we overrule his points of error.

## CONCLUSION

Having overruled Payton's points of error, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 17, 2018

Do Not Publish