

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00391-CR

**HEATH HORACIO BEASLEY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 440th District Court
### Coryell County, Texas
### Trial Court No. 18-24798

## MEMORANDUM OPINION

Heath Horacio Beasley was convicted of six counts of Sexual Assault-Bigamy, first-degree felony offenses, and was sentenced to 45 years in prison with a $10,000 fine in each count. *See* TEX. PENAL CODE § 21.011(f). Because the evidence is legally sufficient to support Beasley's convictions and because the trial court's warnings regarding self-representation were sufficient, the trial court's judgments are affirmed.

**SUFFICIENCY OF THE EVIDENCE**

Beasley first asserts that the evidence is insufficient to support his convictions. Specifically, he contends that, pursuant to the Court of Criminal Appeals' opinion in *Arteaga v. State*, 521 S.W.3d 329 (Tex. Crim. App. 2017), the State was required to prove

Beasley committed bigamy in order to elevate the offenses to first-degree felony sexual assaults under Section 22.011(f) of the Texas Penal Code, and the evidence was void of any activity that met the definition of bigamy. As such, his argument continues, there is a failure of proof, and this Court must find the evidence insufficient.

Since the time Beasley's brief was filed, the Court of Criminal Appeals handed down its opinion in *Lopez* and held that the State is not required to prove the commission of bigamy to trigger the enhancement under Section 22.011(f). *Lopez v. State*, 600 S.W.3d 43, 47 (Tex. Crim. App. 2020). Accordingly, because Beasley only contends the evidence is insufficient due to a failure to prove bigamy, Beasley's first issue is overruled.

### SELF-REPRESENTATION

Beasley next contends the trial court inadequately warned Beasley of the dangers and disadvantages of self-representation. Beasley focuses on two motions of his and a motion by the State at the final pre-trial hearing in which Beasley was permitted to represent himself. He contends the admonishments for those motions were inadequate.

### *Law*

The Sixth Amendment guarantees both the right to the advice of counsel and the reciprocal right to represent oneself during trial. U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975). If a defendant chooses to waive his right to counsel and assert his right to represent himself, the trial court must admonish him on the record of the risks and challenges of self-representation. *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). A defendant's waiver of counsel is not effective unless the record reflects that it is made intelligently and

knowingly with full knowledge of the right to counsel being abandoned and the perils of self-representation. *See Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). The trial court is responsible for determining if a defendant has knowingly, intelligently, and voluntarily waived his right to counsel, and has clearly and unequivocally asserted his right to represent himself. *See Williams*, 252 S.W.3d at 356. To assess whether a waiver is effective, courts consider the totality of the circumstances. *Id*. If the record does not affirmatively show that a defendant was sufficiently admonished of the risks of self-representation or that he knowingly, intelligently, and voluntarily waived his right to counsel, it is reversible error, not subject to harm analysis. *See id*. at 357.

### *Instructions*

The instructions in question are:

THE COURT: I will appoint standby counsel, as I would in any case where the defendant makes the ill-advised decision to represent themselves to ask questions of law to, but we will not delay the case unnecessarily while those discussions take place. You will be expected to know the Rules of Evidence during the trial of the case. You will be expected to present evidence in a proper manner, according to the Rules of Evidence, and you will be expected to conduct yourself under the guidelines of law with regards to how you question witnesses, how you speak with the Court. And so those matters you will be expected to do on your own. You understand that?

THE DEFENDANT: Yes, Your Honor.

But Beasley does not mention that, prior to this admonishment, he had been repeatedly vacillating between representing himself and being represented by counsel and had received admonishments earlier in the trial process by the trial court. At the hearing on prior counsel's motion to withdraw, the court learned that Beasley wished to represent himself. The following admonishments by the trial court occurred:

TRIAL COURT: And if I did not care about you receiving an adequate defense, as I do all people who are charged in this Court, then I would encourage you to represent yourself because you would be on fools (sic) errand. I wouldn't represent myself in a criminal case. I've been practicing law for 20 years. So I'm going to do this, I'm going to instruct Indigent Defense to appoint you another attorney. I want you to visit with that attorney, listen to that attorney, try to follow their advice, because all of the attorneys that we have on our court-appointed wheel, I have faith in the fact that they are trying to do what is best within their capabilities for their clients….I want you to see if you can get along with them because the last thing you really want me to do in this matter, I will assure you, is to let you represent yourself. In 20 years of practice, I've never seen that be successful. So if you proceed in that manner, I'm going to hold you to the same standards that I would any other attorney who appeared before me. That means if you're sitting there floundering and you can't figure out how to get in a piece of evidence that's crucial to your case, it's not going to come in. To my knowledge, you have not been to law school, have you, Mr. Beasley?

THE DEFENDANT: Your Honor, I have not been to law school, Your Honor.

THE COURT: That's all I need to know. I'm going to appoint another attorney to your case….But regardless there's going to be an attorney at all times sitting in this courtroom ready to represent you, regardless of what path you choose, because I sincerely mean I do not think it is a smart move on anybody's behalf to try to represent themselves. Okay?

At the next pretrial hearing, and after another attorney was appointed to represent Beasley, it came to the trial court's attention again that Beasley wanted to represent himself:

THE COURT: There are a number of other pending matters before the Court. Mr. Beasley, I have received your motion. Certainly you have the right to represent yourself. I have advised you previously that I don't think it is wise or in your interest to represent yourself….But certainly it is your right to represent yourself. I don't think it's wise at all; however, I'm going to allow you to proceed in that manner, if that's what you wish to do at this time. Is that what you wish to do at this time?

THE DEFENDANT: I do.

THE COURT: Okay. Then I am going to have [counsel] remain as standby counsel.

Beasley then represented himself at a pre-trial hearing on his motion for discovery. Beasley does not complain that the admonishments against self-representation which he had previously received were inadequate for this hearing. After this hearing, Beasley again wanted counsel to represent him for the remaining pre-trial hearings. The trial court accommodated Beasley. Then, the morning of the hearings, Beasley again changed his mind and wanted to represent himself. The challenged admonishments mentioned at the beginning of this discussion, and which are the subject of this issue on appeal, were given to Beasley.

*Application*

After these exchanges between the trial court and Beasley, and under the totality of the circumstances, we find Beasley was sufficiently admonished of the dangers and disadvantages of self-representation prior to Beasley's self-representation at the final pre-trial hearing. Accordingly, Beasley's second issue is overruled.

CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgments.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed May 28, 2021
Do not publish
[CRPM]

