# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00882-CR

---

**Christopher Lee Castro, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 453RD DISTRICT COURT OF HAYS COUNTY
### NO. CR-18-0381-C, THE HONORABLE DAVID JUNKIN, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

The district court commented on the weight of the evidence by directing the jury's attention to specific testimony by the complaining witness, and it did so repeatedly throughout its charge to the jury. I agree with the Court that this was error, but I also believe that this error was egregiously harmful. Because the Court concludes that it was not, I dissent.

"Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017) (citing *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006)). "In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the closing arguments of the parties, and any other relevant information in the record." *Id*. (citing *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006)).

**The entirety of the charge**

I do not agree with the Court that this factor weighs against a finding of egregious harm. It is true that there was language in the abstract portion of the charge instructing the jury on the State's burden of proof, on the jury's role as factfinder, and that "[n]othing the judge has said or done in this case should be considered by [the jury] as an opinion about the facts of this case or influence [the jury] to vote one way or the other." However, "[t]he application paragraph is that portion of the charge which authorizes the jury to act," *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996), and it contained no such language.

Moreover, this was not an isolated error. The error affected each count of the charge that alleged the offense of indecency with a child by contact. In Count I, the court instructed the jury, "This Count refers to the testimony by M.C. regarding . . . ." In Count II, the court instructed the jury, "This Count refers to the testimony by M.C regarding . . . ." In Count III, the court instructed the jury, "This Count refers to the testimony by M.C. regarding . . . ." In Count VI, the court instructed the jury, "This Count refers to the testimony of M.C. in regards to . . . ." In Count VIII, the court instructed the jury, "This Count refers to testimony by M.C. regarding M.C. . . . ." In Count XI, the court instructed the jury, "This Count refers to testimony by M.C. regarding . . . ." In Count XII, the court instructed the jury, "This Count refers to testimony by M.C. regarding . . . ." Thus, in each count, the court referred to specific testimony by the complaining witness that tended to prove that the allegation in that count occurred. Moreover, by identifying for the jury the specific testimony that was relevant to each count, the court likely exacerbated the harm from its error. As Castro writes in his brief, "the court's instructions effectively singled out the evidence which pertained to each count of indecency with a child by sexual contact and then told the jury that there was sufficient evidence to convict

2

appellant on each of those counts." I conclude that the entirety of the charge weighs in favor of a finding of egregious harm.

**The state of the evidence**

On this factor, I agree with the Court's observations that "M.C.'s testimony was the primary evidence against Castro at trial" and that "M.C.'s reliability as a witness was the predominant issue at trial." Also, M.C.'s testimony was hotly contested. The defense cross-examined her extensively and also cross-examined the State's other witnesses who attempted to bolster or corroborate M.C.'s testimony. This was a case that hinged almost entirely on whether the jury believed or disbelieved M.C. The court's charge, by referencing specific portions of M.C.'s testimony, essentially communicated to the jury that it should focus its attention there. Such a focus egregiously harmed Castro because it encouraged the jury to consider only the specific portions of M.C.'s testimony in which she testified to what Castro allegedly did, rather than the entirety of her testimony, including the portions of her testimony on cross-examination in which the defense challenged her credibility. Thus, the court's charge effectively emphasized the evidence supporting the State's theory of the case. I conclude that this factor weighs strongly in favor of a finding of egregious harm.

**The parties' arguments**

The parties' arguments also focused extensively on M.C.'s credibility. The prosecutor told the jury, "If you acquit, you are saying you do not believe her. That's the message. That is what you are saying, that what she said is not true and that it did not happen." At the conclusion of its argument, the prosecutor added,

And if the verdict is not guilty, we talked about this; the one-witness rule. If you believe beyond a reasonable doubt one witness' testimony, one person who saw these things take place who experienced them, you can vote guilty and that's allowable under the law. That is the law. So, if you say not guilty, that means you did not believe her.

Defense counsel similarly focused on M.C.'s credibility and claimed that the only evidence tending to prove the State's case was what M.C. said:

Basically speaking, if you want to look at this. There is a narrative that each side tries to create. That's what we do. That's how this thing usually works. Let me tell you what their narrative was and is and remains. [M.C.] made a statement. We believe it. It's true. You have heard nothing else.

By focusing on M.C.'s credibility, these arguments amplified the significance of the court's charge directing the jury to focus on specific portions of M.C.'s testimony.

Additionally, the State emphasized the court's charge in its closing arguments. The first prosecutor began her closing argument with a reference to the court's charge and the importance of the "words" used in the charge:

We started this trial with words. [Defense counsel] talked to you about words and how they have meaning. And how an absence of words and the impact of words mean very important things. *This jury charge you have are the words you need in the case. That's the law.* That's all you get. So, if you want another explanation on something, we can't give that. This is the law.

(Emphasis added). The prosecutor then proceeded to discuss the charge in more detail and referenced the specific testimony that was relevant to Count I of the charge:

Your second count—when I say count, type of offense, is indecency with a child by sexual contact. There are seven counts of that. If you look starting on Page 8 and through those charges the very first sentence tells you what the count is

4

related to, talking about Hays County, Defendant engaged in sexual contact with a child younger than 17. Count I refers to the testimony by [M.C.] of the breast touching in the small house that they lived in. . . . That's in each one of the indecency counts, that's what this count is referring to.

The other prosecutor similarly summarized M.C.'s testimony as it related to the allegations in the charge. Although the prosecutor's summary was more detailed than the summary of the testimony contained in the court's charge, the argument nevertheless exacerbated the harm in the charge. By referring to the specific testimony by M.C. that supported each count, the prosecutors' arguments likely made the jury more cognizant during its deliberations of the references to M.C.'s testimony in the court's charge. I conclude that this factor weighs strongly in favor of a finding of egregious harm.

**Other relevant information**

As the Court notes, during voir dire, both parties emphasized that it was the jury's role to assess witness credibility. However, the prosecutor also emphasized the importance of following the court's charge in deciding the case:

So, what do we need to prove in these types of cases? The parties may disagree on what the law is but the Judge's charge is controlling and that's what those of you who will end up as jurors will reference in order to determine what the law is. The information we talk about in jury selection is where do we think the charge is going.

The prosecutor then proceeded to discuss the charged offenses and the elements that the State was required to prove. Thus, although the jury was informed of its role in assessing the credibility of the witnesses, it was also informed that the Court's charge, which included language directing the jury's attention to specific testimony by the complaining witness, was

5

"controlling" in deciding the case.  I would conclude that this factor weighs slightly in favor of a finding of egregious harm.

In summary, I conclude that all four factors weigh in favor of finding egregious harm in this case.  Again, charge error is egregiously harmful if it affects the very basis of the case or vitally affects a defensive theory.  The very basis of this case was M.C.'s credibility, and the primary defensive theory was that M.C.'s testimony was not credible.  By directing the jury's attention to specific portions of M.C.'s testimony, the court's charge likely signaled to the jury that the court found those portions of M.C.'s testimony credible, or at the very least important.  I conclude that this charge error caused Castro egregious harm, and I dissent from the Court's judgment concluding that it did not.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Dissenting Opinion

Filed:   December 30, 2021

Do Not Publish

6