# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-30179

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

James Cody McMahon,

*Petitioner—Appellant*,

*versus*

Paul Campbell, *Warden*,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-779

———————————————————————

Before King, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

James Cody McMahon was convicted under a Louisiana statute prohibiting certain registered sex offenders from using social networking websites. The Louisiana appellate court upheld that conviction on direct appeal. So McMahon now seeks federal habeas relief, arguing that the statute violates the First Amendment. But the Louisiana appellate court decision

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

wasn't contrary to, and didn't involve an unreasonable application of, clearly established federal law.  We affirm.

## I.

Louisiana Revised Statutes Section 14:91.5 prohibits registered sex offenders from using social networking websites if they were convicted under a narrow set of crimes involving minors or technology.  McMahon was serving parole for a prior conviction of indecent behavior with a juvenile, which required his registration as a sex offender for fifteen years.  A jury convicted McMahon of violating section 14:91.5, after his parole officer found multiple social media accounts under alias names on his phone.

On direct appeal, McMahon argued that section 14:91.5 violates the First Amendment by restricting his ability to seek gainful employment or maintain networking relationships.  He relied on *Packingham v. North Carolina*, 582 U.S. 98 (2017), where the Supreme Court held unconstitutional a North Carolina statute that prohibited all registered sex offenders from accessing any social networking website with minor-aged users. *Id.* at 101, 109.

The Louisiana appellate court rejected this argument, listing three reasons why the Louisiana statute was narrower than North Carolina's. *Louisiana v. McMahon*, 349 So. 3d 654, 660–61 (La. Ct. App. 2022).  First, the Louisiana statute applies only to registered sex offenders convicted under a narrow set of relevant crimes; the North Carolina statute applied to all registered sex offenders.  *Id.*  Second, the Louisiana statute exempts government and news websites; the North Carolina statute barred access to websites like Amazon, the Washington Post, and WebMD.  *Id.  See also Packingham*, 582 U.S. at 106.  Third, the Louisiana statute criminalizes the use of social networking websites; the North Carolina statute criminalized mere access. *McMahon*, 349 So. 3d at 661.

McMahon raises the same argument in his federal habeas petition. The district court denied relief, concluding that the Louisiana court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. McMahon appealed, and this court granted him a certificate of appealability.

## II.

Habeas relief is a "guard against extreme malfunctions in the state criminal justice systems"—"not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quotation omitted). To succeed on a habeas claim, McMahon must "shoehorn his claim into one of two narrow exceptions." *Senn v. Lumpkin*, 116 F.4th 334, 339 (5th Cir. 2024) (quotation omitted). McMahon's claim doesn't fit either one.

First, McMahon could show that the Louisiana appellate court decision was "contrary to" "clearly established Federal law." 28 U.S.C. § 2254(d)(1). This could mean one of two things—the decision is either "opposite to" a Supreme Court decision on a question of law, or it resolves his case "differently than the Supreme Court has on a set of materially indistinguishable facts." *Langley v. Prince*, 926 F.3d 145, 155–56 (5th Cir. 2019) (en banc) (cleaned up).

*Packingham* itself recognized that more narrowly crafted statutes should survive scrutiny. *See* 582 U.S. at 107. So the Louisiana appellate court decision isn't contrary to *Packingham*. It offered three cogent and material differences between section 14:91.5 and the North Carolina statute held unconstitutional in *Packingham*. Indeed, the Supreme Court pointedly observed in *Packingham* that states may enact "specific, narrowly tailored laws that prohibit a sex offender from engaging in conduct that often presages

a sexual crime, like contacting a minor or using a website to gather information about a minor." 582 U.S. at 107.

Second, McMahon could show that the Louisiana appellate court decision involved an "unreasonable application" of "clearly established Federal law." 28 U.S.C. § 2254(d)(1). This means that the decision was "*so wrong that the error was well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*" *Langley*, 926 F.3d at 156 (quotation omitted). And the *Langley* standard is not met just because another Louisiana state court agreed with McMahon's argument that section 14:91.5 is unconstitutional. *See Louisiana v. Mabens*, 2017 WL 11714140, at *4 (La. Ct. App. 2017).

As explained above, fair-minded jurists could easily uphold section 14:91.5 under *Packingham*.

We affirm.